# East Bangor Consolidated Slate Company, Appellant, *v.* Badger.

*Foreign attachment — Practice, C. P. — Deceased defendant — Foreign executor—Quashing writ.*

1. The writ of foreign attachment may issue only against a living person.

2. A writ of foreign attachment was issued in Pennsylvania, certain real property being seized which had belonged to the debtor, who had died some time previously at her residence in Massachusetts; the decedent's executor in Massachusetts was named as defendant. On his motion, the court quashed the writ. *Held,* no error.

Argued May 4, 1915. Appeal, No. 124, January T., 1915, by plaintiff, from order of C. P. Northampton Co., November T., 1914, No. 43, quashing writ of foreign attachment in case of The East Bangor Consolidated Slate Company v. Walter I. Badger, executor of the last will and testament of Charlotte Thompson Ames Brown, late of the City of Boston, Massachusetts. Before BROWN, C. J., MESTREZAT, ELKIN, STEWART and FRAZER, JJ. Affirmed.

Foreign attachment in assumpsit.

Motion to quash writ. Before BRODHEAD, J.

The opinion of the Supreme Court states the case.

Upon motion of the defendant the writ was quashed. Plaintiff appealed.

*Error assigned* was in quashing the writ.

*E. J. & J. W. Fox,* for appellant.

*W. S. Kirkpatrick,* of *Kirkpatrick & Maxwell,* with him *H. J. Steele,* for appellees.

OPINION BY MR. CHIEF JUSTICE BROWN, July 3, 1915:

Charlotte Thompson Ames Brown, a resident of Massachusetts, died there in 1913, and her will was admitted to probate in Suffolk County, that state. Letters testamentary were issued by the probate court of the said county to Walter I. Badger, whom the testatrix had named as her executor. She left certain real estate in Northampton County, this State, which was seized by the sheriff under a writ of foreign attachment issued at the instance of the East Bangor Consolidated Slate Company, in which her executor was named as defendant. On his motion the writ was subsequently quashed and all proceedings under it set aside, for the reason that such process does not lie against a foreign executor. The correctness of this ruling is the sole question for our determination.

Foreign attachment is a purely statutory proceeding, and, being in derogation of the common law, the provisions of the statute authorizing its issue are to be strictly construed. The writ "may be issued against the real or personal estate of any person not residing within this Commonwealth, and not being within the county in which such writ shall issue at the time of the issuing thereof,......in all actions ex contractu, and in actions ex delicto for a tort committed within this Commonwealth": Act of June 21, 1911, P. L. 1097. These words clearly show that a writ of foreign attachment may issue only against a living person against whom a claim is made for breach of contract by him or for a tort committed by him within this State. The affidavit of the appellant's cause of action avers that the tort of which it complains was committed by the decedent some years before her death. The act contemplates a breach of contract or a tort committed by a defendant having a residence somewhere outside of the Commonwealth; dead persons have no legal residence anywhere. In dissolving the attachment the learned court below followed the rule announced as early as 1790, in McCoombe v. Dunch,

et al., Executors, 2 Dallas 73, and Pringle v. Black's Executors, 2 Dallas 97.   The rule then announced has never been departed from, but learned counsel for appellant now insist that it ought no longer to be followed, because it never had·any reason to support it.   The first answer to this is that the statute not only supports it, but calls for its enforcement, for, as just observed, the defendant in a writ of foreign attachment must be one living outside the Commonwealth, the breach of whose contract, or the commission of whose tort within the Commonwealth, is the basis of the claim of a plaintiff invoking the writ.   A second answer is that, if a foreign personal representative of a deceased nonresident could be made a defendant in a foreign attachment, there would be interference with our statutes regulating the distribution of decedents' estates.   If there are any assets of Charlotte Thompson Ames Brown in this State which are subject to liability incurred by her, her creditors can readily reach them by raising an administration here.   By such a step one of them would not be preferred to another.   If a foreign executor comes within the·jurisdiction of our courts, he is liable to a suit by a resident creditor of his decedent: Laughlin & McManus v. Solomon, 180 Pa. 177; but compelling a foreign executor to come within our jurisdiction is quite a different matter, and a writ of foreign attachment is a process by which to commence a personal action and compel an appearance: Raymond v. Leishman, 243 Pa. 64.

Appeal dismissed at appellant's costs.