Sabarof *v.* Florida East Coast Railway Company, a corporation organized and existing under the laws of the State of Florida, and Atlantic Coast Line Railroad Company, a corporation organized and existing under the laws of the State of Virginia, and Pennsylvania Railroad Company, a corporation organized and existing under the laws of the State of Pennsylvania, Garnishee, Appellant.

*Practice—Foreign attachment—Assumpsit—Carriers—Joint liability—Carmack-Cummins amendment to the Transportation Act February 28, 1920, chapter 91, Section 436 to 438, 41 Statutes at Large, 494, Compiled Statutes, section 8604-a—Act of June 29, 1923, P. L. 981.*

In an action of foreign attachment in assumpsit plaintiff sued two connecting carriers for damages resulting from an unreasonable delay in the transportation of a carload of potatoes delivered to one of the carriers under a bill of lading.

Where in such circumstances the pleadings assert a liability not joint, but several and successive, the Act of June 29, 1923, P. L. 981 (Joint Suit Act) does not apply, and the rule to dissolve the attachment should have been made absolute.

Under the Carmack amendment the owner of goods may sue the initial carrier for damages resulting from its negligence or that of a connecting carrier, as if the initial carrier had made a through contract; or he may bring his action against the succeeding or connecting carrier for the negligence of its own agents. If judgment be obtained against the initial carrier the connecting carrier is liable to it for the negligence of the latter's agents.

While two carriers may be joined in one action of trespass; when

their negligence jointly contributed to the injury, a joint suit in
assumpsit under a contract several and successive cannot be sus-
tained, even though based on a negligent performance of the con-
tract.

Argued November 16, 1927. Appeal No. 328, October
T., 1927, by garnishee from order of the Municipal
Court, Philadelphia County, March T., 1927, No. 1423,
in the case of Louis Sabarof v. Florida East Coast
Rwy. Co., a corporation organized and existing under
the laws of the State of Florida, and Atlantic Coast
Line Railroad Co., a corporation organized and exist-
ing under the laws of the State of Virginia, and Penn-
sylvania Railroad Company, a corporation organized
and existing under the laws of the State of Pennsyl-
vania, Garnishee. Before PORTER, P. J., HENDERSON,
TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM,
JJ. Reversed.

Rule to dissolve attachment. Before BROWN, J.

The facts are stated in the opinion of the Superior
Court.

The court discharged the rule. Garnishee appealed.

*Error assigned* was the judgment of the court.

*J. Hamilton Cheston,* and with him *F. M. Rivinus*
and *Theodore W. Reath,* for appellant, cited: Schueck
v. Freeman, 55 Pa. Superior Ct. 38; Southern Produce
Co. v. Norfolk Southern P. R. Co., 132 S. E. 360;
Barrett v. Van Pelt, 268 U. S. 85; Fawcett v. Fell, 77
Pa. 308.

*T. Roy Phillips,* and with him *Charles F. Phillips,*
for appellee, cited: Gates v. Keichline, 282 Pa. 584;
Pittsley v. King, 206 Pa. 193; Croninger v. Adams
Express Co., 226 U. S. 491; Allen v. Adams Express
Co., 77 Pa. Superior Ct. 174; Brock v. Brock, 17 Phila.
156; Pasquinelli v. Southern Macaroni Mfg. Co., 272
Pa. 468.

OPINION BY KELLER, J., March 2, 1928:

This is an appeal, under the Act of April 26, 1917, P. L. 102, by a garnishee from the order of the court below refusing to dissolve a foreign attachment in assumpsit.

After the rule to show cause why the attachment should not be dissolved had been argued, the court below permitted the plaintiff to amend his affidavit of cause of action. The garnishee, relying on the rule of practice established by the Supreme Court, when it had nisi prius jurisdiction (Eldridge v. Robinson, 4 S. & R. 548), that supplemental affidavits would not be received, assigns this order of the court below as error. The plaintiff contends that the amended affidavit comes within the modern relaxation of the rule, permitting such amendments as to averments of damage and matters not changing the substance of the action: Mindlin v. Saxony Spinning Company, 261 Pa. 354, 357; Hurt v. Fuller Canneries Company, 263 Pa. 238, 241, 242; Pasquinelli v. Southern Macaroni Mfg. Co., 272 Pa. 468, 479. See also, Hallowell v. Tenney Canning Co., 16 Pa. Superior Ct. 60; Schueck v. Freeman, 55 Pa. Superior Ct. 38, 42. We are not required to decide this point, for in our opinion, the affidavits, original and amended, considered together, do not sustain the action as brought.

The action is foreign attachment in assumpsit, not in trespass. Had the plaintiff chosen to rely on the alleged tort involved apart from any contract, he could not have resorted to foreign attachment, (Porter v. Hildebrand, 14 Pa. 129; Boyer v. Bullard, 102 Pa. 555), without complying with the Act of May 15, 1874, P. L. 183, which would have been impossible in this case. Bringing the action in assumpsit, he is confined to a right of action growing out of the contract relied upon, and if that fails him the attachment must fall.

The plaintiff has brought suit against Florida East Coast Railway Company and Atlantic Coast Line

Railroad Company as joint defendants. He alleges a
contract with the Florida East Coast Railway Com-
pany for the carrying of a car load of potatoes from
Hastings, Florida, to Waycross, Georgia, with diver-
sion via Atlantic Coast Line Railroad to Philadelphia;
and unreasonable delay in the transportation of the
car resulting in deterioration of the potatoes and fall
in market price, with consequent injury in market
value, for which he seeks to recover. But there is no
*joint* contract of carriage set up in the affidavit. The
bill of lading attached to the affidavit was issued by
the Florida East Coast Railway Company alone. The
relations of the initial carrier and the connecting car-
rier to the plaintiff were not joint but successive, each
being responsible for the transportation on its own
line. It is true that by the Carmack-Cummins Amend-
ment to the Transportation Act (February 28, 1920,
ch. 91, secs. 436-438, 41 Stat. at L. 494, Comp. Stat.
sec. 8604-a. See (including amendments of July 3,
1926, c. 761, 44 Stat. 835, and March 4, 1927, c. 510,
sec. 3) U. S. Code, Title 49, chap. I, sec. 20 (11) ), re-
sponsibility for the transportation of the goods to
destination was placed on the initial carrier, and the
owner of the goods may sue the initial carrier for the
damages resulting from its negligence or that of a
connecting carrier, as if the initial carrier had made
a through contract: Galveston, H. & S. A. Ry. Co. v.
Wallace, 223 U. S. 481, 491; or he may bring his action
against the succeeding or connecting carrier for the
negligence of its own agents: Adams Exp. Co. v.
Croninger, 226 U. S. 491, 508; Kansas City S. R. Co.
v. Carl, 227 U. S. 639; Georgia, F. & A. Ry. Co. v.
Blish Milling Co., 241 U. S. 190, 194, 195; Cleveland,
C. C. & St. L. R. Co. v. Dettlebach, 239 U. S. 588. If
the initial carrier is sued and judgment obtained
against it, the succeeding or connecting carrier is
liable, as a principal, to it for the negligence of its
own agents: Atlantic C. L. R. Co. v. Riverside Mills,

219 U. S. 186, 206. The amendment "renders [the initial] carrier liable for loss or damage to the property committed to its care throughout the entire route by which it is billed until delivered to the consignee; but it leaves the relation of all connecting carriers, including the terminal carrier, to the shipper or consignee and to each other, entirely unaffected": Oregon-Washington R. & N. Co. v. McGinn, 258 U. S. 409, 415.

In this case the Atlantic Coast Line Railroad was not responsible in any way for the transportation of these potatoes from Hastings to Waycross. It was responsible to the consignee, or the initial carrier,—if the latter had been held liable in damages—for any negligence of its own agents in the transportation over its own line. But the obligation of the carriers was not joint but successive.

We do not mean to hold that two carriers may not be joined in one action of trespass, when their negligence jointly contributed to the injury. But where the cause of action is a contractual one in assumpsit, against two carriers jointly, even though based on a negligent performance of the contract, it cannot be sustained by a contract not joint but several and successive. The verdict recovered in such a suit, in this State, must be against both defendants for the whole amount; not against each for its individual liability. The rule may be different in jurisdictions whose practice, in a suit against two defendants, permits a verdict against each defendant for his individual liability. See Missouri, K. & T. Ry. Co. et al. v. Ward, 244 U. S. 383 (affirming 169 S. W. (Tex.) 1035, in connection with San Antonio S. Ry. Co. v. Burd, 246 S. W. (Tex.) 1060.

The Act of June 29, 1923, P. L. 981, known as the Joint Suit Act does not help the plaintiff, for it only applies where "it is pleaded in any suit that two or more defendants are *jointly liable* for the cause of

action specified''; while here the pleadings—if the affi-
davits of cause of action may be considered such—as-
sert a liability not joint but several and successive.

The second assignment of error is, sustained. The
order of the court below discharging the rule to dis-
solve the attachment is reversed and the rule is rein-
stated and made absolute.