## David v. David et al.

*Ulysses S. Koons*, for plaintiff; *Sterling & Willing*, for defendants.

LEWIS, J., Dec. 3, 1930.—This matter comes before the court on two rules, one to quash, the other to dissolve a writ of foreign attachment. Briefly, the facts are these: On June 9, 1929, Levi David conveyed to himself and Frances Brown, as joint tenants, and not as tenants in common, the premises Nos. 800, 816 and 967 North Second Street, Philadelphia, the deed being duly recorded. On June 19, 1929, Levi David married the joint tenant, Frances Brown. On April 5, 1930, Levi David conveyed his interest in the aforesaid properties to his daughters, Bertha Rubenstein, Elene D. Loeb and Dorothy A. David. On or about May 2, 1930, Levi David left his wife, Frances David (*nee* Brown), and has not since lived with or supported her. Plaintiff, Frances David, has begun an action in *assumpsit* for her share of the rentals, naming as co-defendants her husband, Levi David, and his daughters, Bertha Rubenstein, Elene D. Loeb and Dorothy A. David, asking, in addition, for an accounting. None of the co-defendants being residents of Pennsylvania, nor within the county at the time, a writ of foreign attachment issued. The real estate agent, M. Einman, and the tenants of the three properties were served as garnishees, and counsel has entered appearances for them.

Counsel for the co-defendants subsequently entered the two rules above noted, one to quash, the other to dissolve the foreign attachment. The brief in support of these rules raises numerous and intricate questions of law—*inter alia*, the right of one joint tenant to sue another in *assumpsit;* whether such suit in *assumpsit* is *ex contractu*, as required by the Act of June 21, 1911, par. 1, P. L. 1097; whether the demand for an accounting does not necessarily involve equity jurisdiction; whether a wife joint tenant with her husband has such a "separate property" as will permit her to sue him under the Act of March 27, 1913, P. L. 14; whether the statement that defendant "deserted" plaintiff is a mere conclusion of law, and, as such, insufficient to establish the wife's right to maintain an action against her husband on a matter unconnected with her "separate property."

All of the questions thus propounded to us by counsel, while of academic interest, are subject to a more fundamental inquiry as to the parties proper to this action. Assuming that the wife, as a joint tenant, has an action of *assumpsit* against her husband, this action must rest on a contract of some kind between Levi David and Frances Brown (now David). Assuming, likewise, that Frances David has an action of *assumpsit* against the three daughters of Levi David, now tenants in common with Frances David, this action must rest upon a similar "contract" between the three daughters and Frances

David. These "implied contracts," while relating to the same premises, or rather the rents issuing therefrom, arise at different times and under different relationships.

The general proposition that a joint suit cannot be brought when the contracts are several and successive, scarcely calls for any citation of authorities. We may, however, point to an interesting analogy with Sabarof v. Florida East Coast Co., etc., and Atlantic Coast Line, etc., reported in 92 Pa. Superior Ct. 286, 290, at which latter page the court said: "We do not mean to hold that two carriers may not be joined in an action of trespass where their negligence jointly contributed to the injury. But where the cause of action is a contractual one in *assumpsit* against two carriers jointly, even though based on a negligent performance of the contract, it cannot be sustained by a contract not joint but several and successive. The verdict recovered in such a suit in this state must be against both defendants for the whole amount; not against each for its individual liability. The rule may be different in jurisdictions where practice in a suit against two defendants permits a verdict against each defendant for his individual liability. . . . The order of the court below discharging the rule to dissolve the attachment is reversed and the rule is reinstated and made absolute."

In the case at bar, the two obligations are constructive—not implied—contracts, as is so clearly pointed out in Hertzog v. Hertzog, 29 Pa. 465, and are the foundation stones on which the action of *assumpsit* must necessarily rest. Neither contract, it is true, is averred in plaintiff's cause of action; but the chain of reasoning on which plaintiff relies in order to show the existence of the constructive contracts also leads to the further conclusion that these contracts, if they do exist, are several and successive, and as such do not support a joint action in *assumpsit*. All these matters being apparent on the record, the rule to quash is made absolute.