Opinion by
 

 Baldrige, J.,
 

 This appeal is by the plaintiff from the order of the court below dissolving a writ of foreign attachment issued November 14, 1940, naming Frank H. Granata, trading as Frank H. Granata & Co. of New York City (hereinafter called Granata), and P. Alvino & Company of Naples, Italy, as defendants and summoning two Philadelphia banks and Albert M. Hankin, Esq. as garnishees. The learned court below disposed of the motion to dissolve on the pleadings as the facts averred therein were not denied.
 

 Vincent Maraño, the plaintiff, in his declaration set forth a contract written on the billhead of Granata, dated August 19, 1939, which calls for the sale of 2,000 cases of tomatoes to be shipped in equal monthly shipments of 500 cases from Italy to Philadelphia “for account of P. Alvino & Co., Traverso Municipio, Naples,
 
 *560
 
 Italy.” It is signed by “Frank H. Granata Agent for the sellers” and also; by Plaintiff Maraño as buyer.
 

 Delivery was made of the first 500 cases but on October 19, 1939, without apparent legal justification the seller terminated the contract and Granata informed the plaintiff that no further deliveries would be made thereunder. The plaintiff claimed damages for the difference between the market price and contract price on the date of the breach, a total of $951. The 500 cases delivered to the plaintiff had the bills of lading endorsed to Granata, who designated the Corn Exchange National Bank & Trust Company as his agent in the transaction. Maraño paid for the first shipment by check dated October 27,1939, in the sum of $1,155.37 to the order of the Corn Exchange National Bank & Trust Company and duly certified by the Pennsylvania Warehousing & Safe Deposit Company, drawee. It was endorsed to the order of Granata and by him endorsed to Hankin, who, on November 13,1940, deposited the check in his bank account at the Pennsylvania Company etc. for collection. Owing to difficulties over endorsements and identification the check was on November 14, exchanged for a bank draft drawn to the Pennsylvania Company for Insurance on Lives & Granting Annuities, which draft was not paid until after 12 o’clock noon, November 15, 1940, several hours after the writ was served on Hankin as the garnishee.
 

 Hankin, on November 13, 1940, the same day he received and deposited the check, after deducting $100 counsel fee due him by Granata and $27.12 costs, drew his check for the balance of $1,028.25 upon ,his account at the Pennsylvania Company etc., payable to the order of Hyman Finkelson, attorney for Granata in New York City and mailed it to him. This cheek was paid November 18, 1940.
 

 The learned court below dissolved the attachment at the instance of Hankin, holding that as Granata signed
 
 *561
 
 a written contract for the sale of the tomatoes as agent for a disclosed foreign principal he is not liable thereunder and was not properly joined as a party.
 

 It is well established that a person acting as an agent for a disclosed principal is not, in the absence of special circumstances, a party to the contract. “The general rule of law is, that where one deals with an agent who acts within the scope of his authority and reveals his principal, the principal alone is liable for a breach of the contract. In the absence of any evidence of fraud, lack of authority to bind the principal or other exceptional matter, the general rule must be enforced.”
 
 Kessler v. Africa,
 
 66 Pa. Superior Ct. 203, 205. See, also,
 
 Levy v. Conly et al.,
 
 340 Pa. 332, 336, 17 A. 2d 382; Restatement, Agency, §320.
 

 The appellant argues that under the averments admitted by the pleadings there were special circumstances which take the case out of the general rule and make Granata liable as a party to the contract. Reliance is placed upon the fact that Granata acted as an agent for P. Alvino & Company of Naples, Italy, a foreign principal. Under the modern rulings the fact that an agent represents a foreign principal does not in and of itself make the agent liable as a party to the contract, but is only one circumstance to be considered along with others: Restatement, Agency, §320, Comment (d).
 

 The appellant further alleges that P. Alvino & Co. was only a partly disclosed principal, for upon inquiry he was unable to ascertain anything other than it was a partnership. We think this position merits little consideration. The name and address of P. Alvino & Co. were given in the contract. That was sufficient identification to make it a fully disclosed principal in contemplation of law. “If the manifestation of the principal or agent to the third person, or the information the third person has, is such that he is able to or should be able to distinguish the principal from all
 
 *562
 
 others, or he otherwise has notice of the principal’s identity, the principal is disclosed.” Restatement, Agency, §4, Comment (e). When the contract was executed the plaintiff was apparently willing to deal with the partnership on the information then available. It is rather significant that no other identification was sought by him until after the alleged breach of contract. I |
 

 Our attention is directed to the averment that the title to the shipment, including the bill of lading, passed through Granata’s hands, but that of itself did not show an intention to make Granata a party to the contract. This is the usual method of transacting business and shipments from a foreign country, and did not make Granata a party to the contract any more than the Corn Exchange National Bank and Trust Company when it acted as agent for collection. Nor did the assignment of one shipment and the proceeds thereof make Granata, as assignee, responsible for the fulfillment of the balance of the terms of the contract, as there is no averment that he was assignee of the contract generally. The pleadings are likewise entirely void of any averments showing he was a factor in the transaction. The general principles of law relied upon by the appellant as governing factors, therefore, have no application. We fail to find any special circumstance which takes this case out of the general rule above stated. The plaintiff having failed to show that Granata was a party to the contract when he signed it “as agent” did not establish a cause of action against him.
 

 The appellant’s final position is that if Granata was not a party to the contract and therefore not a proper defendant in this action and the attachment correctly dissolved as to him, it was error for the court to dissolve the attachment as to both defendants, and alleges that the action was amendable by striking out the name
 
 *563
 
 of Granata. It is not necessary to determine whether such amendment would he one of substance rather than of form, hence not permissible in an action of foreign attachment:
 
 Barrett v. Mechanic’s National Bank et al.,
 
 133 Pa. Superior Ct. 366, 372, 3 A. 2d 36. See, also,
 
 Sabarof v. Florida E. Coast R. R. Co. et al.,
 
 92 Pa. Superior Ct. 286.
 

 We think the court was entirely right in dissolving the attachment as to both defendants, as it clearly appears from the pleadings that there Avere no funds of either defendant in the hands of the garnishee at the time the writ was served:
 
 Melnick B. & L. Assoc. v. Melnick et al.,
 
 318 Pa. 120, 178 A. 144. Where, on the admitted facts appearing of record, binding instructions for defendant would be required a motion to dissolve a writ of foreign attachment may well be granted:
 
 Pasquinelli v. Gross,
 
 74 Pa. Superior Ct. 296;
 
 Pasquinelli v. Southern Macaroni Mfg. Co.,
 
 272 Pa. 468, 478, 116 A. 372.
 

 The pleadings disclose that Hankin had appropriated to his own use the balance of $127.12 as attorney’s fees and costs and had drawn a check for $1028.25 payable to Hyman Finkelson attorney for Granata, prior to the service of the writ. He was not, therefore, subject to the service of writ in an action of foreign attachment. See
 
 Melnick B. & L. Assoc. v. Melnick et al.,
 
 supra. Furthermore, the question of appellant’s right to amend by dropping Granata as a defendant was not raised below and we are not required to consider it here:
 
 Parker v. Rodgers et al.,
 
 125 Pa. Superior Ct. 48, 54, 189 A. 693. If the action were to proceed against P. Alvino & Company alone, appellant is met with his own averment that all the funds due under the contract had been assigned to F. H. Granata & Company.
 

 The order of the court below making absolute the rule to dissolve the attachment is affirmed.