## Apgar Bros. v. Isner Estate et al.

*Linn Schantz,* for plaintiff.

*Butz, Hudders, Tallman & Rupp,* for defendant.

HENNINGER, P. J., June 29, 1953. — David Isner of Detroit, Mich., was the owner and operator of a tractor-trailer involved in an accident in Lehigh County on July 14, 1952, whereby a tractor-trailer of plaintiff's was damaged to the extent of $4,500.

Isner died a few days later and on November 17, 1952, plaintiffs brought this action in foreign attachment, attaching defendant's tractor and trailer in garnishee's garage in Lehigh County.

Local counsel for the David Isner estate has petitioned the court to quash the writ because of the death of defendant, David Isner, prior to institution of the suit.

There is no doubt that the writ of foreign attachment does not lie against the estate of a deceased person. East Bangor Consolidated Slate Company v. Badger, 250 Pa. 422-23. Counsel in that case recognized the rule, but argued that it was archaic. The Supreme Court held then (in 1915) that the rule remained the law upon the acts then in force (Act of June 21, 1911, P. L. 1097).

Since then a new Foreign Attachment Act has been passed (Act of April 24, 1931, P. L. 44, 12 PS §2891), but its language is substantially the same as that of the earlier acts and it has been interpreted the same: Barrett v. First Mechanics National Bank et al., 133 Pa. Superior Ct. 366, 369.

This reasoning is further strengthened by the fact that the legislature, having provided that proceedings under the Domestic Attachment Act of June 13, 1836, P. L. 606, 12 PS §2741 et seq., should not abate upon the death of defendant *after issuance of the attachment* (12 PS §2752), did not in reënacting the Foreign Attachment Act, see fit to provide for survival of the writ upon a defendant's death.

In our case, the matter is one of the right to institute an action of foreign attachment after the death of a defendant and not that of abatement of an action begun in decedent's lifetime, but the result would have been the same. Ionian Bank, Ltd., v. Mamatos et al., 340 Pa. 52, 55.

Under section 52(4) of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §552, the legislature is presumed to have accepted the judicial interpretation of the prior acts when it reënacted those provisions in the 1931 Act.

We find, therefore, that the earlier interpretations of the Foreign Attachment Acts prevail today and are binding on this court.

Now, June 29, 1953, defendant's rule to quash the attachment heretofore issued in the above-captioned action is made absolute and it is ordered that the attachment be dissolved at plaintiff's costs.