## Ulmer v. Garnon Truck Equipment Inc.

*Ted J. Padden,* for plaintiff.
*Gery T. Nietupski,* for defendant.

LEVIN, *J.,* May 13, 1986—This matter is before the court on preliminary objections filed by defendants. Defendants demur to the count based on wrongful discharge. The second preliminary objec-

tion is in the nature of a demurrer and/or motion to strike to the action in assumpsit.

For purposes of this opinion only, the court accepts as true the facts as pleaded. Plaintiff was employed as a mechanic by defendants on or about March 8, 1985. Plaintiff alleges he was promised permanent employment upon successful completion of his probation subject to dismissal only for good cause or economic reasons. On April 3, 1985, a wage attachment was issued against plaintiff for child support. Defendants then allegedly advised plaintiff that if he did not have the wage attachment removed he would be fired. On or about April 12, 1985, plaintiff was advised that he had successfully completed the probation and was a permanent employee. On April 15, 1986, defendants received notice from the support compliance office regarding their statutory duties concerning the wage attachment. Shortly thereafter, plaintiff was fired.

The facts as pleaded present four issues:

1. Can defendant president of the company be sued as an individual under the facts as pleaded when he is acting for a disclosed principal?

2. Does plaintiff adequately set forth a cause of action based on assumpsit inasmuch as all that was pleaded was the statement that he would become a permanent employee upon successful completion of his probation subject to dismissal only for good cause or economic necessity?

3. Does the complaint set forth a cause of action for wrongful discharge?

4. Is plaintiff entitled to punitive damages and/or damages for emotional distress as pleaded?

The first issue regarding individual liability where there is a disclosed principal is readily resolved. The general rule is that a person acting as an agent for a disclosed principal is not, in the absence of special

circumstances, personally liable. Marano v. Granata, 147 Pa. Super. 558, 24 A.2d 148 (1942). There has been no showing in this case of any special circumstances, such as fraud, to bring this case within the special circumstances exception. In view of this law, the preliminary objections as to defendant president are sustained.

The second issue has been addressed by the courts on many occasions. It has been uniformly held that the mere promise of permanent employment does not create a contract for any definite duration. It is the law that, absent some specific statutory or expressed contractual restriction, either party has the power to terminate an employment relationship at any time, for any reason or for no reason. Banas v. Matthews Int'l. Corp., 348 Pa. Super. 464, 502 A.2d 637 (1985): Beidler v. W. R. Grace, Inc., 461 F.2d 1013 (E.D., Pa. 1978); aff'd. 609 F.2d 500 (3rd Cir. 1979). The reason for this rule lies in the concept that to rule otherwise would be to say that any at-will employee would have a contract for life. This would produce an absurd result. The law of this Commonwealth recognizes the essentially voluntary, day-to-day relationship between employer and employee. For this reason, there is no nonstatutory cause of action for an employer's termination of an at-will employment relationship. Yaindl v. Ingersoll-Rand Co., 281 Pa. Super. 560, 422 A.2d 611 (1981).

As to the third issue, the law appears to be in a state of flux. Geary v. United States Steel Corp., 456 Pa. 171, 319 A.2d 174 (1974), examined a departure from the general rule that no recourse is available for an at-will employee who has been terminated. This case stated that an employer's power of discharge might plausibly give rise to a cause of action where some facet of public policy is threatened. The

court made it known, however, that an at-will employee can be terminated without recourse as long as no mandate of public policy is violated. The public policy exception is again recognized in Turner v. Letterkenny Federal Credit Union, 351 Pa. Super. 51, 505 A.2d 259 (1985):

"Historically, Pennsylvania has recognized an employer's unfettered right to discharge an at-will employee for any or no reason in the absence of a contractual or statutory prohibition. [Citations omitted.] That right has been tempered with the emergence of the common-law doctrine of wrongful discharge whereby an employee may premise a cause of action on either tort or contract principles." Supra, at 505 A.2d at 260.

Accordingly, the only issue is whether plaintiff's discharge falls within the limited exception that has emerged in this state which allows recovery for a termination of employment where there is a violation of a significant and recognized public policy. When termination of an at-will employment relationship strikes at the very heart of a citizen's social right, duties and responsibilities, the court will reverse the employer's discharge decision. Novovsel v. Nationwide Insurance Co., 721 F.2d 894, 899 (1983). Applying that law to the present factual situation as pleaded, certainly significant social rights, duties and responsibilities may be affected by employer's action. Both Pennsylvania and the federal government, by the enactment of various support laws, have recognized the public policy interest in wage attachments. These laws have been passed in response to the compelling needs of children in single-parent households.

The public and the government both have a distinct interest in ensuring wage attachments. Without stern regulations, the public is forced to support

children who can and should otherwise be more properly supported by the responsible parties, the parents.

Defendants rely on Sherred & Sherred v. Lord Corp. (A.D. 1984-734, Crawford County), currently on appeal, to support their argument that no public policy is at issue in this case. The reliance is misplaced. The Sherred case involved an allegation that the employee was terminated so that the company would not have to pay disability benefits. That case is distinguishable from the instant case because the court found that no public policy was at issue and that the plaintiff had an alternative remedy available in seeking worker's compensation. Plaintiff here has no alternative remedy to pursue. Further, this case involves a question of significant public policy, child support.

The final issue is whether plaintiff will be entitled to punitive damages and/or damages for emotional distress. Paragraph 15 of plaintiff's complaint alleges that "The above activity on behalf of the defendants was willful and wanton. . . ." 4 Standard Pennsylvania Practice 2d §21:65 states that a claim of punitive damages may be supported by a general averment that defendants' actions were "malicious, wanton, intentional and reckless." The pleadings as set forth are sufficient to meet this requirement. The demurrer at this point in the proceedings is dismissed.

With regards to the demurrer and/or motion to strike the claim for emotional distress damages, the form of the preliminary objection is not proper and should be dismissed. However, there is a legitimate question as to whether the pleadings are adequate to plead damages for emotional distress. An analysis of the same shows the complaint does not conform to proper practice. 4 Standard Pennsylvania Prac-

tice 2d §23:91 states that there are four elements to the action: (1) the conduct must be extreme and outrageous, (2) the conduct must be reckless or intentional, (3) it must cause emotional distress, and (4) the distress must be severe. Plaintiff's pleading in Paragraph 16, which consist of just a conclusory statement, states that he "has suffered lost wages, damage to his reputation and emotional distress . . ." does not fulfill this pleading requirement. Plaintiff is directed to conform his pleadings in accordance with rule within 30 days of the filing of this opinion.

## ORDER

And now, this May 13, 1986, it is ordered, adjudged and decreed that

1. The preliminary objections in the nature of a demurrer as to defendant Charles L. Garnon are hereby sustained and the count as to Charles L. Garnon is dismissed.

2. The preliminary objections in the nature of a demurrer as to the count in assumpsit against defendant Garnon Truck Equipment, Inc., are hereby sustained and the complaint in assumpsit is dismissed.

3. The preliminary objections in the nature of a demurrer and/or motion to strike as to count I, wrongful discharge, are hereby dismissed with the exception that those preliminary objections which relate to the claim for emotional distress damages are sustained. Plaintiff is ordered to file a more specific complaint for his claim as to the damages for emotional distress to conform with the opinion filed herewith. This complaint shall be filed within 30 days from the date of this order.