**Mohamid A. HAMID, Appellant,**

v.

**KANSAS CITY CLUB, Respondent.**

**No. WD 70598.**

Missouri Court of Appeals,
Western District.

Sept. 22, 2009.

---

1. All rule references are to Mo. R.Crim. P.2008, unless otherwise indicated.

David B. Mandelbaum, for Appellant.

Sara E. Welch, for Respondent.

Before Division Two: VICTOR C. HOWARD, Presiding Judge, JOSEPH M. ELLIS, Judge and MARK D. PFEIFFER, Judge.

VICTOR C. HOWARD, Judge.

Mohamid Hamid appeals the trial court's judgment granting Kansas City Club's motion to dismiss his petition for failure to state a claim. On appeal, Mr. Hamid contends that his petition stated a claim for wrongful discharge under the public policy exception to the employment at will doctrine. The judgment of the trial court is reversed.

**Factual and Procedural Background**

Mohamid Hamid filed his first amended petition alleging wrongful discharge on August 6, 2008. In lieu of filing an answer, Kansas City Club ("the Club") filed a motion to dismiss the petition for failure to state a claim, and on January 6, 2009, the trial court granted the motion.

According to Mr. Hamid's petition, Mr. Hamid was employed by the Club in November 2007, when the Club presented him with documents from the district court of Johnson County, Kansas, seeking income verification. Mr. Hamid alleges that, at that time, a manager of the Club informed him that if a valid order for income withholding was served upon the Club, Mr. Hamid's employment would be terminated.

On May 5, 2008, an order to withhold income for child support was issued by the Johnson County District Court and was forwarded to Mr. Hamid. On May 8, 2008, Mr. Hamid provided the order to the Club by delivering a copy of it to the Club's bookkeeper. Mr. Hamid's employment was terminated on June 6, 2008, and he alleges that a manager of the Club informed him that the president of the Club decided to terminate his employment due to the child support order. Therefore, Mr.

Hamid alleges that the Club terminated his employment because he became subject to the income withholding order.

Mr. Hamid further alleges in his petition that the language of section 454.505.10, RSMo 2000, sets forth a public policy encouraging the support of children and prohibiting the discharge or discipline of employees in retaliation for becoming subject to income withholding orders. Mr. Hamid alleges that, because he was discharged due to the income withholding order, the termination of his employment was against the public policy of Missouri.

In its motion to dismiss, the Club argued that Mr. Hamid's petition failed to state a claim because there is no private cause of action under section 454.505.10 and because there is no public policy exception to the employment at will doctrine for alleged violations of section 454.505.10. The trial court agreed and granted the Club's motion to dismiss, finding that there is no private right of action under section 454.505.10 and that the termination of Mr. Hamid's employment did not fall within the public policy exception to the employment at will doctrine. This appeal by Mr. Hamid followed.

### Standard of Review

■ "The standard of review for a trial court's grant of a motion to dismiss is *de novo.*" *Lynch v. Lynch,* 260 S.W.3d 834, 836 (Mo. banc 2008). A motion to dismiss for failure to state a claim " 'is solely a test of the adequacy of the plaintiff's petition.' " *LeBlanc v. Research Belton Hosp.,* 278 S.W.3d 201, 204 (Mo.App. W.D.2008) (quoting *Pikey v. Bryant,* 203 S.W.3d 817, 821 (Mo.App. S.D.2006)). When reviewing the dismissal of a petition for failure to state a claim, "the facts contained in the petition are treated as true and they are construed liberally in favor of the plaintiff[ ]." *Lynch,* 260 S.W.3d at 836.

If the plaintiff's petition "sets forth any set of facts that, if proven, would entitle the plaintiff[ ] to relief, then the petition states a claim." *Id.* Thus, the petition is reviewed "to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case." *Reynolds v. Diamond Foods & Poultry, Inc.,* 79 S.W.3d 907, 909 (Mo. banc 2002).

### Discussion

■ In his sole point on appeal, Mr. Hamid contends that the trial court erred in granting the Club's motion to dismiss his petition for failure to state a claim. Mr. Hamid argues that his petition stated a claim for wrongful discharge because he alleged that he was discharged for becoming subject to an income withholding order for child support, which was in violation of the public policy set forth in section 454.505.10.

■ Under Missouri's employment at will doctrine, an employer may discharge an at will employee "for cause or without cause, without liability for wrongful discharge, provided that the employee is not otherwise protected by a contrary statutory provision." *Adolphsen v. Hallmark Cards, Inc.,* 907 S.W.2d 333, 335–36 (Mo. App. W.D.1995). However, in *Boyle v. Vista Eyewear, Inc.,* 700 S.W.2d 859 (Mo. App. W.D.1985), this court adopted a public policy exception to the employment at will doctrine, which "provides that an at-will employee who has been discharged by an employer in violation of a clear mandate of public policy has a cause of action against the employer for wrongful discharge." *Id.* at 871. The court in *Boyle* discussed the four general categories of public policy exception cases, which include:

(1) discharge of an employee because of his or her refusal to perform an illegal

act; (2) discharge because an employee reported violations of law or public policy to superiors or public authorities; (3) discharge because an employee participated in acts that public policy would encourage, such as jury duty, seeking public office, asserting a right to collective bargaining, or joining a union; and (4) discharge because an employee filed a worker's compensation claim.

*Lynch v. Blanke Baer & Bowey Krimko, Inc.,* 901 S.W.2d 147, 150 (Mo.App. E.D. 1995) (citing *Boyle,* 700 S.W.2d at 873–75).

Mr. Hamid argues on appeal that his cause of action is of the type described in the third category in that he was discharged for becoming subject to an income withholding order for child support. In his petition, Mr. Hamid alleged that his discharge was in violation of the public policy reflected in section 454.505.10, which provides that "[a]n employer shall not discharge, or refuse to hire or otherwise discipline, an employee as a result of an order to withhold and pay over certain money authorized by this section."[1] Mr. Hamid alleges in his petition that this statute sets forth a public policy encouraging the support of children and prohibiting the discharge of employees in retaliation for becoming subject to income withholding orders.

Prior to addressing Mr. Hamid's public policy argument, the Club contends that the trial court correctly dismissed his petition because section 454.505.10 does not provide for a private cause of action. In support of its contention, the Club cites a

case in which the Missouri Supreme Court held that the language of section 454.505.10 created a cause of action exclusively in favor of the Director of the Division of Child Support Enforcement and did not create a private cause of action. *See Johnson v. Kraft Gen. Foods, Inc.,* 885 S.W.2d 334 (Mo. banc 1994).[2] However, the Court also specifically noted that it was "not pass[ing] on the propriety of a common law cause of action for wrongful discharge that might be predicated on the apparent public policy of § 454.505.10 and other statutes, a public policy that seeks to discourage employers from discharging employees who are subject to child support withholding orders." *Id.* at 335 n. 1. Therefore, although the Court held that a discharged employee could not bring a private action to enforce section 454.505.10, the Court's holding in *Johnson* does not preclude the possibility that Mr. Hamid's petition may state a common law claim for wrongful discharge based on the public policy set forth in the same statute.

The Club does not contend that section 454.505.10 preempts or displaces any common law remedies, and neither do we find any such preemption. In Missouri, a statutory right of action will not displace a common law remedy " 'in the absence of language to that effect unless the statutory remedy fully comprehends and envelopes [sic] the remedies provided by common law.' " *Dierkes v. Blue Cross & Blue Shield of Mo.,* 991 S.W.2d 662, 668 (Mo. banc 1999) (quoting *Detling v. Edel-*

---

1. If a child support order has been entered, section 454.505 authorizes the issuance of an order directing any employer or other payor of a parent to withhold money due or to become due from the obligated parent.

2. Section 454.505.10 provides that "[t]he director is hereby authorized to bring an action in circuit court to determine whether the discharge constitutes a violation of this subsec-

tion." If the court finds that a violation has occurred, it may require reinstatement of the employee, may fine the employer in an amount not to exceed $150.00, and may enter a judgment against the employer for back wages, costs, attorney's fees, and for the amount of child support which should have been withheld during the period of discharge.

*brock*, 671 S.W.2d 265, 271–72 (Mo. banc 1984)). Unlike the statutory remedy, a wrongful discharge claim can be brought by the aggrieved employee himself. Moreover, the remedies available for a wrongful discharge claim brought under the public policy exception include punitive damages. *See Kelly v. Bass Pro Outdoor World, LLC*, 245 S.W.3d 841, 850 (Mo.App. E.D. 2007). Because a common law cause of action for wrongful discharge provides for a remedy which is not included in the statute, the remedies in section 454.505.10 do not fully comprehend and envelop the remedies available at common law.[3] *See Dierkes*, 991 S.W.2d at 668. Therefore, section 454.505.10 does not displace the common law remedies available for a wrongful discharge claim.

In response to Mr. Hamid's public policy argument, the Club asserts that Mr. Hamid's case does not fall within the third category of cases recognized in *Boyle* because Mr. Hamid has not alleged that he engaged in an act that public policy would encourage. Based on the language Missouri courts have generally used to describe the third category, the Club argues that, in order to fall within the third category, Mr. Hamid must allege that he engaged in an affirmative act. For example, in *Boyle*, the court described the third category of cases as a "general group which frowns on discharge of an at-will employee whose acts are those that sound public policy would encourage." 700 S.W.2d at 875. The court in *Lynch* similarly characterized the third type of case as one in which discharge occurred "because an employee participated in acts that public policy would encourage." 901 S.W.2d at 150. Yet another case explained that the third category generally involved

employees who were discharged "for asserting a legal right." *Rothweil v. Wetterau, Inc.*, 820 S.W.2d 557, 559 (Mo.App. E.D.1991).

As the aforementioned cases demonstrate, Missouri courts have described the third category as relating to the discharge of an employee for acting in a manner or participating in acts encouraged by public policy. The Club argues that Mr. Hamid has not alleged that he engaged in any conduct or participated in any acts that public policy would encourage. However, simply by becoming subject to the withholding order, Mr. Hamid was participating in, or became involved in, the payment of child support, which is clearly an act encouraged by the public policy reflected in section 454.505.10. Although an income withholding order is utilized to make child support payments automatic, the fact that an employee has become subject to such an order necessarily requires that the employee participate in the act of paying child support.

Furthermore, we find the reasoning employed in two cases outside of Missouri to be persuasive on this issue. *See Greeley v. Miami Valley Maint. Contractors, Inc.*, 49 Ohio St.3d 228, 551 N.E.2d 981 (1990); *Ulmer v. Garnon Truck Equip. Inc.*, 41 Pa. D. & C.3d 455 (C.P. Erie County 1986). In *Greeley*, the Ohio Supreme Court considered the issue of whether a violation of a statute prohibiting the discharge of' an employee for becoming subject to a court ordered child support wage assignment gave rise to a cause of action for wrongful discharge. 551 N.E.2d at 982. Because the General Assembly had expressed its will that employers be prohibited from discharging employees for becoming subject to such orders, the Court held that the

---

**3.** The court in *Johnson* also specifically noted that "[a]n obvious difference between a common law cause of action and [a statutory cause of action under section 454.505.10] is that the latter provides for the assessment of attorneys fees as part of the remedy for violation of the statute." 885 S.W.2d at 335 n. 1.

former employee could maintain a cause of action for wrongful discharge pursuant to a public policy exception to the employment at will doctrine. *Id.* at 986. Similarly, the court in *Ulmer* found that an employee who was discharged after becoming subject to a wage attachment for child support could bring a cause of action pursuant to a public policy exception to the employment at will doctrine. 41 Pa. D. & C.3d at 458–59.

In both cases, the courts emphasized the societal obligation imposed by a child support order. In *Ulmer*, the court noted that a discharge due to a wage assignment for child support could affect significant social duties and responsibilities of an employee. *Id.* at 458. The Court in *Greeley* compared the discharge in that case to a termination of employment based on an employee's receipt of a jury duty summons and asked, "must a person called to execute the mandated duties of a citizen choose between the possible termination of employment on the one hand, or be punished for failure to execute that mandated · civil obligation on the other hand?" 551 N.E.2d at 985. Like jury duty, a parent's child support obligation is mandated and enforced by the courts. By enacting section 454.505.10, the legislature has set forth a public policy that encourages the support of children and prohibits the discharge of employees solely because they become obligated to pay child support by means of an income withholding order. Therefore, we find that Mr. Hamid's petition states a cause of action for wrongful discharge pursuant to Missouri's public policy exception to the employment at will doctrine.[4]

While it could be argued that every statute is intended to enunciate some form of public policy and that, therefore, any statute could support a wrongful discharge claim, we limit our holding to the particular language utilized to set forth the public policy in section 454.505.10. The statute expresses not merely a policy encouraging the support of children, but a policy specifically intended to deter the discharge of an employee due to the issuance of an income withholding order for child support payments. Therefore, where the legislature has specifically chosen to connect its expressed policy with the discharge of an employee for the reasons prohibited in section 454.505.10, we find that Mr. Hamid has stated a cause of action for wrongful discharge in violation of a clear mandate of public policy.

For these reasons, the judgment of the trial court is reversed.

All concur.

---

**4.** Because we find that Mr. Hamid has stated a common law claim for wrongful discharge in violation of public policy, rather than a private cause of action to enforce section 454.505.10, the procedures and presumptions of section 454.505.10 do not apply to Mr. Hamid's common law claim.