## Joseph Schlitz Brewing Co. v. Stephens, Appellant.

*Principal and agent—Disclosed principal—Presumption as to knowledge of the law.*

When an agent discloses his principal and contracts for the principal, and acts within the scope of his authority, the parties to the contract are presumed to know the law; that the agent is not liable upon the contract.

Argued Dec. 7, 1916. Appeal, No. 278, Oct. T., 1916, by defendant, from judgment of C. P. Northampton Co., June T., 1915, No. 55, on verdict for plaintiff in case of The Joseph Schlitz Brewing Company v. W. Fay Stephens, trading under the name of the A. A. Gordon Bottling Works. Before ORLADY, P. J., PORTER, HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Assumpsit for goods sold and delivered. Before MCKEEN, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $526.63. Defendant appealed.

*Errors assigned* were various rulings on evidence and refusal of binding instructions for defendant.

*H. G. Hagerman,* for appellant, cited: Schætzle v. Christman, 16 Pa. Superior Ct. 294; Schalcher v. Bergdoll, 41 Pa. Superior Ct. 547; Roberts v. Austin, 5 Wharton 313; Campbell v. Baker, 2 Watts 83; Rosenberg v. Clyde, 2 Pa. Superior Ct. 572.

*J. W. Paff,* of *Smith, Paff & Laub,* for appellee, cited: Kidney v. Beemer, 27 Pa. Superior Ct. 558; Beymer v. Bonsall, 79 Pa. 298.

OPINION BY ORLADY, P. J., March 16, 1917:

This action of assumpsit was brought to recover for goods and merchandise; on the trial the verdict was directed for the plaintiff, the court saying, "The common sense view of matters of this kind is that, where a man buys a bill of goods and the goods are delivered and accepted he should pay for them."

Without the excluded evidence, this represented a fair statement of the fact to be considered by the jury. However, the defendant offered to adduce proof on the trial to show that he was but a manager or agent of one A. A. Gordon, who was doing business as the Gordon Bottling Works, at Scranton, and when the order was given for the goods, the soliciting agent, one Sudbring, was informed of his actual relation to the business, and took the order as from "A. A. Gordon Bottling Works, by W. Fay Stephens, manager"; that Sudbring had business cards printed at the time holding Stephens out as a manager of the A. A. Gordon Bottling Works; that the goods were consigned to "W. Fay Stephens, manager, A. A. Gordon Bottling Works"; the freight delivery receipt designated the same relation; that subsequently Sudbring wrote a letter to Stephens in which he (Sudbring) stated that he intended suing A. A. Gordon for the car of beer in dispute—all of which proffered evidence was excluded by the court.

The general rule of law is, that where one deals with an agent who acts within the scope of his authority and

reveals his principal, the principal alone is liable for the breach of the contract. When an agent discloses his principal and contracts for that principal, and acts within the scope of his authority, the parties to the contract are presumed to know the law; that the agent is not liable upon the contract: Kessler v. Africa, 66 Pa. Superior Ct. 203. When it is sought to compel an agent to perform the covenant of a contract made on behalf of his principal by an action on the contract, it must be shown that he covenanted to be bound individually, or it must be averred and proved that in making the contract he acted with the authority of his principal: Schalcher v. Bergdoll, 41 Pa. Superior Ct. 547.

The evidence offered under the first, second and third assignment of error should have been received to explain the actual relation of the parties to the contract.

The judgment is reversed, and a venire facias de novo awarded.