## Kessler *v.* Africa, Appellant.

*Principal and agent—Disclosure of principal—Liability of agent.*
Where one deals with an agent who acts within the scope of his authority and who reveals his principal, the principal alone is liable for a breach of the contract. In such a case the agent is not required, in the absence of fraud or misconduct, to tell the other party that he must look to the principal for his money, or to tell him what the law is.

Argued Oct. 23, 1916. Appeal, No. 9, Oct. T., 1916, by defendant, from judgment of C. P. Huntingdon Co., May T., 1913, No. 35, on verdict for plaintiff in case of T. M. Kessler v. J. Murray Africa. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and WILLIAMS, JJ. Reversed.

Assumpsit for services. Before WOODS, P. J.

The facts are stated in the opinion of the Superior Court.

The trial judge charged in part as follows:

["Now, Gentlemen of the jury, if Mr. Africa employed Mr. Kessler, the plaintiff, to do this work, without revealing to him that he was acting for, or as agent for another company, and notified the plaintiff that he was to look to him for his pay; if, I say, Mr. Africa failed to do this, then Mr. Kessler would be entitled to recover from him just what, in your opinion, under the evidence, he would be entitled to."]     (1)

["This will be evidence for you to consider, along with the evidence of Mr. Kessler, who testified that he knew nothing about this company then, and that he was employed by Mr. Africa to do this work and he was to look to Mr. Africa for his pay. This is a question for you to determine, and if you find that Mr. Africa employed Mr. Kessler to do this work for him without revealing to him, or saying to him that he was acting as agent, and without telling him that he was acting as agent, and he would have to look to this company for pay, and if you believe Mr. Africa so employed him as agent, then your next question would be, did the plaintiff perform the work."]     (2)

Verdict and judgment for plaintiff for $538.23. Defendant appealed.

*Errors assigned,* among others, were (1, 2) portions of charge as above, quoting them.

*James S. Woods,* for appellant, cited: Rosenberg v. Clyde, 2 Pa. Superior Ct. 572.

*H. H. Waite,* for appellee, cited Beymer v. Ronsall, 79 Pa. 298; Quigley v. DeHass, 83 Pa. 267.

OPINION BY PORTER, J., March 16, 1917:

The plaintiff brought this action to recover for services alleged to have been rendered the defendant, in and about the option and purchase of certain real estate. The de-

fendant produced evidence which would have warranted a finding that in employing the plaintiff he acted as the agent of a disclosed principal, the State Realty Company, a corporation, and within the scope of the authority delegated to him by that corporation. The learned judge of the court below charged the jury that, in order to escape personal liability, the burden was upon the defendant to show that he had not only disclosed to the plaintiff the fact that he was acting as an agent for the State Realty Company and was contracting for that company, but that he must go further and also show that he notified the plaintiff that he would have to look to that company for his pay. The plaintiff recovered a judgment in the court below and the defendant appeals.

The general rule of law is, that where one deals with an agent who acts within the scope of his authority and reveals his principal, the principal alone is liable for a breach of the contract. In the absence of any evidence of fraud, lack of authority to bind the principal, or other exceptional matter, the general rule must be enforced. The testimony produced by the defendant in the present case did not tend to establish any special contract upon his part to be personally liable. The defendant did not contract under his own individual seal, and that line of cases of which Quigley v. DeHass, 82 Pa. 267, is an example, has no application to the present question. When an agent discloses his principal and contracts for that principal, and acts within the scope of his authority, the parties to the contract are presumed to know the law; that the agent is not liable upon the contract. The agent in such a case is not required, in the absence of fraud or misconduct, to tell the other party what the law is. The learned judge of the court below fell into error when he placed that burden upon this defendant. The specifications of error are sustained.

The judgment is reversed and a venire facias de novo awarded.