## Kauffman v. Pols et al.

*D. N. Feldman*, for complainant.

*D. B. Nodler*, for respondents.

ALESSANDRONI, J., June 12, 1947.—This is a bill in equity to rescind a written agreement for the sale of premises 321 North Second Street, Philadelphia, and for the recovery of a deposit in the sum of $750 paid in accordance with the terms thereof, on the ground that the execution of the contract was induced by fraudulent representations of defendant, Maurice J. Pols, acting as agent for the defendant Sarah Spear.

It is averred that defendant Pols fraudulently represented that the property was in good condition and required only minor repairs to the roof. It is further averred that plaintiff requested permission to examine the premises, but was informed by defendant Pols that inspection was unnecessary. Thereafter plaintiff avers he attempted to inspect the property but was unable to obtain access and likewise unable to look inside the property because of painted windows. When plaintiff was again refused permission to inspect the property after the execution of the contract, he gained entry without the knowledge and consent of defendants and found the interior part of the property almost completely gutted. Finally, it is averred that the repre-

sentations were made by defendants with knowledge of their falsity and for the purpose of inducing the execution of the written agreement.

The objections raised by defendants are twofold. First, it is contended that plaintiff's cause of action is merely a breach of contract, for which there is a complete remedy at law. It is true that where there is a full and adequate legal remedy equity has no jurisdiction: In re Borough of State College, 104 Pa. Superior Ct. 211, 215. A court of law, however, cannot rescind a written contract. Moreover, this is not a mere breach of an oral warranty, but an action predicated upon fraud. Where one is induced by fraud to enter into a contract, he may, upon discovery of the deception, either rescind the contract or affirm it and bring an action at law for fraud and deceit: Emery v. Third National Bank of Pittsburgh, 308 Pa. 504, 515.

The second contention of defendants is equally without merit. It is argued that defendant Pols acted as an agent for a disclosed principal. It is well settled that where there is a disclosed principal, known as such at the inception of the transaction, the principal alone is liable upon the contract: Levy v. Conly et al., 340 Pa. 332. In the absence of special circumstances an agent for a disclosed principal is not a party to the contract. The general rule, however, is not applicable where there is a plea of fraud or other exceptional matter: A. L. I. Restatement of Agency, §320.

For the foregoing reasons therefore defendants' answer raising preliminary objections must be dismissed, with leave to file an answer to the merits within 15 days.

### Order

And now, to wit, June 12, 1947, defendants' answer raising preliminary objections is dismissed; leave is granted to file an answer to the merits within 15 days.