## Cotan Corporation v. First National Bank of Everett et al.

*Reiley & Reiley* and *John H. Jordan*, for plaintiff.
*Richard C. Snyder*, for defendants.

WRIGHT, P. J., July 18, 1947.—We are here passing upon a demurrer to plaintiff's complaint. The issue is whether, on the facts averred, the complaint shows as a matter of law that plaintiff is not entitled to recover: Stevens v. Smith, 310 Pa. 287. Summary judgment should be entered only in clear cases: Rhodes v. Terheyden et al., 272 Pa. 397; Aultman v. Pittsburgh et al., 326 Pa. 213.

It becomes necessary to briefly set forth the facts averred in the complaint. Plaintiff is engaged in the manufacture of artificial leather. The First National Bank of Everett loaned money to the Bedford Mill, which was manufacturing furniture for military recreation centers. Before filling an order from Bedford Mill, plaintiff inquired of the bank whether an arrangement existed to guarantee such orders. The following reply was received:

"We have made arrangements with the Bedford Mill to finance some Government contracts of which the above material is needed to complete, and we will

see that you are paid promptly for the material as soon as it arrives. I would suggest that you send it sight draft with bill-of-lading attached and we will remit to you upon arrival of the goods.

"The First National Bank of Everett

C. Clair Winter, Cashier".

Berford Mill subsequently asked for 30 days' credit on the second half of the order. In answer to a further inquiry, the following reply was received by plaintiff:

"I am very sorry I did not get your reply to (you) sooner but hope it is still in time. We will guarantee the payment of the balance of the leather and will appreciate your shipping it to them as soon as possible.

"C. Clair Winter, Cashier".

Bedford Mill did not make payment of the balance of the contract price, and suit is being brought upon the guaranty. Two contentions are raised by the demurrer: First, a National bank has no power to become guarantor of the payment of the debt of another and the guaranty insofar as the bank is concerned was ultra vires; second, C. Clair Winter did not execute the guaranty as an individual, and it was not intended by either party that it be binding upon him personally.

As a general proposition, we are not in sympathy with the technical defense of ultra vires. It has been outlawed by the Business Corporation Law of May 5, 1933, P. L. 364, section 303(A). While this statute does not apply to banking institutions, yet the cited cases expressly indicate that the defense of ultra vires may not be asserted if the transaction is of benefit to the bank: National Bank of Brunswick v. Sixth National Bank, 212 Pa. 238; Bank of Barnwell v. Sixth National Bank, 28 Pa. Superior Ct. 413. The Federal courts have invariably enforced guarantees which could be characterized as having been entered into by banks for the furtherance of their own rights or as incident to the transaction of their own business: Dunn

v. McCoy, 113 F. (2d) 587; Allis-Chalmers Manufacturing Co. v. Citizens' Bank & Trust Co., 3 F. (2d) 316. Although the complaint might have been more explicit in this regard, we are of the opinion that it sufficiently alleges that the guaranty in question was incident to the business of defendant bank and of benefit to it. Incidentally, while the point was not argued by plaintiff's counsel, it has been ruled that the defense of ultra vires may not be raised by demurrer: Steinman Hdw. Co. v. Keemer, 42 Lanc. 561. See also Pa. R. C. P. 1030.

We are in agreement with the contention raised by the demurrer as to C. Clair Winter. The complaint does not allege liability so far as he is concerned. He signed the guaranty as agent for a disclosed principal, and it is averred that he had authority to do so. That he would be bound individually was not contemplated by either party. Where there is a disclosed principal, known as such at the inception of the transaction, the principal alone is liable for a breach of the contract: Levy v. Conly et al., 340 Pa. 332; Penna. Co. v. Wallace et al., 346 Pa. 532. Apparently Winter was included as an alternate defendant in case the defense of ultra vires should be sustained as to the bank. In this connection we might point out that, while a person undertaking to act as agent without authority will be personally liable (Kroeger v. Pitcairn, 101 Pa. 311, 316; Stiteler v. Ditzenberger, 45 Pa. Superior Ct. 266, 270), yet it may not necessarily follow that an agent acting in good faith for a disclosed principal without power to contract is so liable: A. L. I. Restatement of Agency §332.

### Decree

Now, July 18, 1947, as to defendant First National Bank of Everett the demurrer is overruled with leave to plead over within 20 days; as to defendant C. Clair Winter the demurrer is sustained. Exceptions are noted.