## Montgomery, Appellant, *v.* Levy.

Argued January 15, 1962. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

548

*Robert H. Arronson,* with him *Herbert H. Hadra* and *Maurice Freedman,* for appellant.

*Nochem S. Winnet,* with him *Franklin A. Wurman, Charles M. Solomon,* and *Fox, Rothschild, O'Brien & Frankel,* for appellee.

OPINION BY MR. JUSTICE EAGEN, March 13, 1962:

This is an appeal from the action of the court below in sustaining preliminary objections in the nature of a demurrer to plaintiff's complaint in an action of assumpsit, and in entering judgment for the defendant.

Plaintiff is a builder; defendant, a registered architect. Plaintiff alleged that he entered into a written contract with the City of Philadelphia to erect and furnish all of the labor and material necessary for a civic auditorium, commonly known as the Dell. Defendant was engaged by the city as the architect to draw the plans and specifications and supervise the erection of the project.

In the plans, as drawn by the defendant, the construction of the soil was described as being decayed mica. In the course of the work, it was discovered that the soil was solid rock which necessitated dynamiting and substantial additional expense.

When this condition was called to defendant's attention, the complaint alleges that he urged the plaintiff to proceed and do what was necessary, assuring him that he was acting on behalf of the city and authorized to give such directions, and the plaintiff would receive proper compensation. Other additional work, not included within the purview of the original plans, was also so authorized by the defendant and carried through by the plaintiff. Subsequently, it was ascertained that the defendant was not authorized to make these promises. Hence, this suit.

The plaintiff previously sued the City of Philadelphia and attempted to collect from the municipality for the same identical additional compensation claimed herein. A demurrer to the complaint was sustained in that action. This Court affirmed on appeal: *Montgomery v. Philadelphia*, 391 Pa. 607, 139 A. 2d 347 (1958).

The plaintiff cannot maintain the present action and the lower court correctly entered judgment for the defendant.

An architect engages in his profession as an independent contractor. However, after the drawing of the plans and the construction of the particular project begins, his act of supervision is in the role of an agent working for a principal, his employer. All of the acts factually pleaded in the complaint in this action are acts within the scope of the defendant's authority, performed for and on behalf of his employer. This is confirmed and so recognized by the plaintiff as evidenced by the averments in the complaint in his action against the city. An agent is not liable for lawful acts done within the scope of his authority for and on behalf of a disclosed principal: *Levy v. Conly*, 340 Pa. 332, 17 A. 2d 382 (1941); *Geyer v. Huntingdon County Agricultural Association*, 362 Pa. 74, 66 A. 2d 249 (1949). The liability, if any, is that of the principal.

Unfortunately for the plaintiff, his contract with the city provided, inter alia, in very clear terms that no liability to him existed for payment of any sum in excess of that specified therein, unless extra work was performed for a price certain agreed to in writing by the Commissioner of the Department of Recreation. The plaintiff's failure to obtain compliance with these provisions should not and does not impose liability upon the agent-architect. The plaintiff was legally bound to know the terms of the contract in which he himself engaged. Even if we assume that the architect exceeded his authority, and made promises for the city beyond his right, the plaintiff knew, or should have known, that such were contrary to the terms of the writing by which he was bound. The plaintiff was charged with this knowledge. See, *Schenker v. Indemnity Ins. Co. of North America,* 340 Pa. 81, 16 A. 2d 304 (1940).

As to the equities of the situation we further note that the contract of the plaintiff with the city specifically stated that the condition of the soil stated in the drawings, as evidenced by borings, was not guaranteed and that such information was used by the plaintiff at his own risk. If he desired other data, the opportunity for exploration was afforded him.

Judgment affirmed.