445 A.2d 1253

**Anthony J. PICONE and Jessie Picone, his wife, Appellees,**

v.

**Terrence L. MOWAT and Virginia L. Mowat, his wife, Appellants.**

Superior Court of Pennsylvania.

Argued Oct. 15, 1981.

Filed May 21, 1982.

Petition for Allowance of Appeal Denied Aug. 3, 1982.

Walter Faderewski, McKeesport, for appellants.

James Kletter, Pittsburgh, for appellees.

Before WIEAND, JOHNSON and MONTEMURO, JJ.

MONTEMURO, Judge:

This action concerns the conflicting claims to real property made by a lessee with an option to purchase and the holder of a judgment against the property entered prior to signing of the lease. We find, as the lower court did, that the Sheriff's sale held on the judgment extinguished the lessee's rights to possession and the option to purchase. The facts are as follows:

On October 11, 1976, lessors Arthur and Carmella Picone made an agreement as to the property located at 3005 Valley Ridge Road, Allegheny County, Pa. with lessees Terrance L. and Virginia L. Mowat, defendants and counter-plaintiffs below and appellants herein.

The terms of the agreement provided for rental of $350 per month, for five additional yearly leases at the same rent, and for a ninety-day notice of intent to exercise the lease each year. Additionally, at any time during the terms of the lease, the lessees could purchase the property for $55,-000, and were to receive a credit of $2,100 per year (or $175 per month) toward the purchase price of $55,000.

Prior to the time of the signing of the lease, a judgment had been entered against the property and had been recorded in the prothonotary's office on August 28, 1975 in favor of the Northside Deposit Bank.

On November 12, 1976, approximately one month after the Agreement for lease and purchase had been signed, the above lien was assigned to Anthony J. and Jessie Picone, the plaintiff-counterdefendants below and appellees herein. Appellees are brother and sister-in-law respectively of the lessors.

The appellees moved on the lien in July of 1980. The appellants were given notice of the Sheriff's Sale, which was held on July 7, 1980. A Sheriff's Deed was issued to the appellees on August 8, 1980. By letter of September 25, 1980, the appellees requested that the appellants vacate the property, but this the appellants refused to do.

Appellees then filed this action to quiet title, and the appellants filed answer, new matter and counterclaim, alleging that the lessors and the appellees conspired to deprive them of their bargain, and that the lessors were agents of the appellees. Appellants also requested specific performance of the purchase option of the lease. Appellees responded with preliminary objections, and the new matter and counterclaim were stricken. From that decision, appellant brought this appeal. We affirm the judgment of the court below.

The lower court correctly applied the provisions of 68 Pa.C.S.A. § 342, as transferred from 12 P.S. § 2585, suspended and repealed in part.[1]

§ 342. When right paramount to right of purchaser

The right of possession of a tenant for years shall not be deemed paramount to that of a purchaser at a tax sale. The right of possession of a tenant for years shall be deemed paramount to that of a purchaser at a judicial sale if, and only if, the letting to him shall precede in point of date the entry of the judgment, order or decree on which such sale was had, and also shall precede the recording or registering of the mortgage, deed or will, if any, through which by legal proceedings the purchaser derives title, unless the letting is made with actual notice to such tenant of the contemplated entry of such judgment, order or decree, or of the fact of the execution of such mortgage, deed or other instrument of writing, and with intent to avoid the effect thereof. 1905, April 20, P.L. 239, § 14; 1945, March 21, P.L. 47, No. 25, § 1.

Appellants allege that the lessors and the appellees conspired to deprive them of their bargain on the real property. We agree that they have lost a bargain, however the loss

1. The suspension *excepts* "the effect, enforcement or stay of judgments or decrees." This decision concerns the effect and enforcement of a judgment, and is thus not suspended. The disposition of the statute on repeal is at 42 Pa.C.S.A. § 1722(b), which states that a statute is repealed only if expressly repealed absolutely or if inconsistent with the general rules of Sub-chapter B. We conclude, therefore, that the substance of § 342, *supra*, remains a valid guide for decision.

was occasioned through operation of law and in a situation which they could have foreseen and prevented.

Appellants' own new matter asserts that liens far above the total value of the property were attached to it prior to the date of their lease. There was never any guarantee that such liens would be retained by the bank which then held them. It is entirely probable, as appellant also asserts, that the appellees had an intention to help financially-pressed relatives when they became assignees of these debts. The happenstance of the relationship is not relevant to their position as purchasers.

Appellant argues strongly from the case of *Raker v. G. C. Murphy Co.*, 358 Pa. 339, 58 A.2d 18 (1948), in which the purchasers at the judicial sale were the lessors of the property. The court in *Raker* quite properly found that the identity of the lessor with the assignee of the mortgage foreclosed upon rendered that transaction suspect:

> Having paid off the mortgage to the bank, there could have been no other reason for their failure to have it canceled and satisfied of record instead of taking it over by way of assignment and then foreclosing it against themselves . . .

Appellees in this appeal are not, however, identical with their relatives, the lessors. They made purchase of an existing lien for reasons of their own a month after the lease had been signed. The bank, for value, assigned the judgment lien to them in the normal course of business. Several years passed before appellees foreclosed. The real property was always the security for the lien of judgment.

If appellees did receive rent, that circumstance also presents no problem for the court. The holding in *Girard Trust Co. v. Dempsey*, 129 Pa.Super. 471, 196 A. 593 (1938) must apply:

> The rent was received by the mortgagee not as owner or landlord, but as assignee of the mortgagor, by way of security for the mortgage debt, and its payment had no effect whatever upon the paramount lien of the mortgage or the legal effect which a . . . sheriff's sale upon it would

have in the way of terminating all leases made subsequent to its recording.

The lower court was correct. The right of possession of these tenants is not paramount to that of the purchaser of a lien entered prior to the lease. The Sheriff's Sale terminated all leases made subsequent to the recording of the lien, and the appellants' lease is therefore extinguished.

The order of the lower court is affirmed.

WIEAND, J., concurs in the result.