514 A.2d 318

E-Z Parks, Inc., Appellant *v.* Philadelphia Parking Authority and Five Star Parking Company, Appellees.

Argued June 9, 1986, before Judge BARRY, and Senior Judges ROGERS and KALISH, sitting as a panel of three.

*Leslie Weisse,* for appellant.

*S. David Fineman, Hunt* & *Fineman, P.C.,* Of Counsel: *James C. Crumlish, III,* General Counsel, for appellee, Philadelphia Parking Authority.

OPINION BY SENIOR JUDGE KALISH, September 4, 1986:

E-Z Parks, Inc. (E-Z) appeals from an order of the Court of Common Pleas of Philadelphia County which sustained preliminary objections of the Philadelphia Parking Authority (Authority) to a complaint for declaratory and injunctive relief filed by E-Z against Five Star Parking Co. (Five Star) and the Authority. We affirm the action of the trial court.

The Authority solicited public competitive bids from parking companies for the operation of a parking facility located at Tenth and Ludlow Streets in Philadelphia. The only two companies that submitted bids were E-Z and Five Star. Following a review of the sealed bids submitted in response to the solicitation, the Authority awarded the operation of the parking facility to Five Star, as the lowest responsible bidder.

E-Z filed a complaint in equity in the trial court, alleging that Five Star's bid was "mala fide", and there-

fore, the award of the contract to Five Star by the Authority was arbitrary and capricious. The Authority filed preliminary objections in the nature of a demurrer to E-Z's complaint, arguing that E-Z failed to state a cause of action upon which relief could be granted. The trial court sustained the Authority's preliminary objections.

The thrust of E-Z's complaint was that Five Star's bid was "mala fide" because it proposed to pay the Authority one hundred percent of the revenue from the operation of the parking facility. E-Z's complaint further alleged that the supporting data supplied with Five Star's bid grossly inflated prospective revenues, and that expenses and taxes were calculated incorrectly. Thus, E-Z contends that the Authority abused its discretion, and acted in bad faith and in an arbitrary and reckless manner when it awarded the contract to Five Star.

Preliminary objections admit as true only such facts of the complaint as are well-pleaded, as are material and relevant, and only such inferences as are reasonably deducible from such facts. They admit neither conclusions of law, nor inferences unwarranted by the admitted facts, nor argumentative allegations, nor expressions of opinion. *Flaherty v. Port Authority of Allegheny County*, 450 Pa. 509, 299 A.2d 613 (1973); *Hyam v. Upper Montgomery Joint Authority*, 399 Pa. 446, 160 A.2d 539 (1960), *cert. denied* 364 U.S. 288 (1960); *Larrecq v. Van Orden*, 21 Pa. Commonwealth Ct. 623, 346 A.2d 922 (1975).

Our courts will not review and are loathe to interfere with an administrative tribunal involving acts of discretion. This court will not inquire into the wisdom of such action in the absence of bad faith, fraud, capricious action or abuse of power, thus substituting its judgment for that of the Authority. *Flaherty; Hyam.*While discretionary power in the hands of an Authority does not immunize it from judicial review, our

scope of review is limited to a determination of whether the exercise of discretion has been flagrantly abused. *Blumenschein v. Pittsburgh Housing Authority*, 379 Pa. 566, 109 A.2d 331 (1954). An abuse of discretion has been defined as a clear overriding of the law, or a manifestly unreasonable exercise of judgment, or evidence of partiality, ill will or bias in reaching a conclusion. *Blumenschein*.

Section II of the Authority's "Instructions to Bidders" provides that its staff will evaluate all bid proposals which meet the bid qualifications according to the following criteria:

1. Gross revenue projections
2. Operating plan budget
3. Percentage of net to Authority.
4. Projected yearly payment to Authority.

In this case, there were only two bidders, and each bid proposal was accompanied by supporting data and documents of projected income, expenditures, taxes, et cetera.

The Authority operates many parking facilities. All of the parties involved are experienced in these operations. There is no indication that the Authority did not consider the supporting documents, or that it was motivated by anything other than the public interest. In fact, these officials are presumptively regarded as having acted properly and for the public good. *Flaherty*. There is no allegation that these officials did not investigate the financial standing, reputation, experience or resources of the successful bidder. This matter is one of judgment and opinion in the evaluation by the Authority of the realism of the projected revenue and expenses. In the exercise of its discretion, the Authority may well have been motivated by a belief that E-Z's operations were less than efficient.

It is interesting to note that there is no allegation of actual fraud or misconduct in the bidding procedure. Nor is there any allegation of collusion between the successful bidder and the Authority, which would impinge upon the maintenance of the integrity of the bidding process. It would be an unreasonable inference to conclude fraud, or lack of responsibility, or capriciousness, simply from the fact that Five Star proposed paying the Authority one hundred percent of the revenue from the operation of the parking facility. Where complex matters of finance are involved in administrative decisions, judicial review should be particularly restrictive. *Flaherty.*

We conclude, therefore, that assuming the truth of all well-pleaded material and relevant facts and inferences reasonably deducible therefrom, such facts and inferences do not establish any such abuse of discretion or arbitrary and capricious action on the part of the officials of the Authority such as to warrant judicial interference. Accordingly, we affirm.

### ORDER

Now, September 4, 1986, the order of the Court of Common Pleas of Philadelphia County, December Term, 1984, No. 2484, dated April 12, 1985, is affirmed.

President Judge CRUMLISH, JR., did not participate in the decision in this case.