544 A.2d 1122

The Borough of Sewickley Water Authority, Appellant *v.* James A. Mollica, Jr., and Sheila Mars Mollica, His Wife, Appellees.

Argued May 23, 1988, before Judges CRAIG and McGINLEY, and Senior Judge NARICK, sitting as a panel of three.

*Gary H. McQuone,* with him, *Craig E. Frischman, Buchanan Ingersoll Professional Corporation,* for appellant.

*James M. Mollica,* with him, *George I. Buckler,* and *Thomas A. Lazaroff, Meyer, Darragh, Buckler, Bebenek & Eck,* for appellees.

OPINION BY JUDGE CRAIG, July 29, 1988:

The Borough of Sewickley Water Authority appeals an order of the Court of Common Pleas of Allegheny County, reversing a determination of the authority and awarding James A. Mollica and Sheila Mars Mollica (Mollica) $23,037.94 with interest.

The issue in this appeal is whether the authority's past failure to require an intervening landowner to install a waterline extension that complied with authority's own rules and regulations, and its refusal to reimburse Mollica for the cost of constructing a waterline extension that complied with the authority's rules, constitutes an abuse of discretion by the authority. Because we con-

clude that the authority's actions did amount to an abuse of discretion, we affirm.

The facts of the case are undisputed. On June 24, 1983, Mollica purchased an undeveloped ten-acre parcel of property on Blackburn Road in Sewickley Heights. The Sewickley Heights Zoning Ordinance requires a single family unit to be built on lots of a minimum of five acres. Mollica divided the property into two five-acre lots, sold one of the lots and built a single family residence on the other.

Before the subdivision and construction of the dwellings, Mollica requested water service from the authority. The authority's waterline ended approximately 2000 feet from the Mollica property. The authority had permitted an intervening property owner, Amoto,' to connect a 1380 foot, one-inch pipe, to the authority's waterline in order to receive service, despite the authority's regulation that requires extensions of waterlines to be constructed with six-inch pipes. Mollica requested that the authority construct a six-inch line to provide service to the Mollica property, and offered to pay for the cost of the line from the point of the Amoto connection. The authority refused and stated that, although it would provide service, Mollica would have to construct and pay the entire cost of the connection with the existing waterline, but that Mollica, like Amoto, could install a one-inch line.

Mollica constructed, at Mollica's own expense, a six-inch connection with the waterline, and filed a suit in common pleas court to recover the cost of construction from the authority. Following a non-jury trial, the trial court entered judgment in favor of Mollica, in the amount of $23,037.94 plus interest, the cost of the construction of the extension except for the 616 feet of the extension from the Amoto service connection to Mollica's service connection. The trial court denied the authority's Motion for Post-Trial Relief, concluding that

the authority constituted a public utility under the Public Utility Code (Code), and therefore was required to pay for the extension. The trial court also concluded that, regardless of whether the authority constituted a public utility, the authority had abused its discretion in refusing to reimburse Mollica for the cost of the extension attributable to the authority's failure to require Amoto to comply with the authority's requirement that all extensions of the waterline be constructed with six-inch pipe.

Because of the broad discretionary powers given to municipal authorities, our scope of review in reviewing action of a municipal authority is limited to a determination of whether the authority has committed an abuse of discretion. *Council of Plymouth Township v. Montgomery County*, 109 Pa. Commonwealth Ct. 616, 623, 531 A.2d 1158, 1161 (1987), quoting *Flaherty v. Allegheny Port Authority*, 450 Pa. 509, 516-17, 299 A.2d 613, 617-18 (1973). Moreover, an abuse of discretion occurs when an authority engages in a manifestly unreasonable exercise of judgment. *E-Z Parks, Inc. v. Philadelphia Parking Authority*, 100 Pa. Commonwealth Ct. 303, 514 A.2d 318 (1986).

Initially, we must reject the trial court's determination that the authority is required to bear the cost because it constitutes a public utility. To support its determination, the trial court cited sections 102 and 1501 of the Public Utility Code. Section 102, 66 Pa. C. S. §102, defines a "public utility" as follows:

(1) Any person or corporations now or hereafter owning or operating in this Commonwealth equipment or facilities for: . . .

(ii) Diverting, developing, pumping, impounding, distributing, or furnishing water to or for the public for compensation.

Section 1501 of the Code provides that:

Every public utility shall furnish and maintain adequate, efficient, safe, and reasonable service and facilities, and shall make all such repairs, changes, alterations, substitutions, extension, and improvements in or to such service and facilities as shall be necessary or proper for the accommodation, convenience, and safety of its patrons, employees, and the public.

66 Pa. C. S. §1501.

The trial court also cited *ACORN v. Guarino,* 99 Pa. Commonwealth Ct. 93, 512 A.2d 1312 (1986), which held that, although a municipality which provides utility service within its boundaries is exempt from regulation by the Public Utilities Commission, when that municipality provides services outside of its boundary lines, the municipality becomes a public utility subject to the jurisdiction of the Code and commission.

The trial court found that the authority was providing utility service outside of its boundaries, and therefore, the authority constituted a public utility, and under section 1501 of the Code, 66 Pa. C. S. §1501, the authority was required to pay for the construction required to provide service to Mollica.

That analysis is faulty in two respects. The first is that if the authority were a public utility as defined by the Code, the trial court would have no jurisdiction over the matter. Section 501 of the Code provides:

(a) In addition to any powers expressly enumerated in this part, the commission shall have full power and authority, and it shall be its duty to enforce, execute and carry out, by its regulations, orders, or otherwise, all and singular, the provisions of this part, and the full intent thereof; . . .

(b) The commission shall have general administrative power and authority to supervise and

regulate all public utilities doing business in this Commonwealth.

66 Pa. C. S. §501.

Moreover, in applying *ACORN* to this case, the trial court did not recognize the distinction between a municipality providing water service and a *municipal authority* providing water service. With regard to a municipal authority providing utility services, this court has stated that

the courts of common pleas have exclusive jurisdiction of questions concerning the utility services of municipal authorities beyond, as well as within, the limits of the municipality which created the authorities.

*Graver v. Public Utility Commission,* 79 Pa. Commonwealth Ct: 528, 531-32, 469 A.2d 1154, 1156 (1984).

However, we do agree with the trial court that the authority committed an abuse of discretion in failing to reimburse Mollica for the cost of the Mollica's waterline connection attributable to the authority's failure to require Amoto to install a six-inch pipe.

The authority has enacted rules and regulations regarding applications for water service. Rule No. 11 states:

All extensions to existing piping system, laid along public roads, must be laid under the supervision of the Superintendent of the Sewickley Water Authority. *Extensions must be at least 6" diameter,* cast iron, mechanical joint, cement lined pipe, laid not less than 4 ft. below ground level and fitted with flushout hydrant. (Emphasis supplied.)

The authority's Rule No. 5 provides:

All property owners will furnish and install at their expense, a service line from the main, not less than ¾" in diameter, to a curb stop and then

to the inside wall of building, where housing for meter is provided.

All service lines to be laid in a straight line, as near as possible at right angle to street.

The authority argues that the 1380 foot waterline installed by Amoto was a "service line" and not an "extension". The authority states that, because it permitted Mollica also to install a one-inch "service line", it did not abuse its discretion.

We are not persuaded by the authority's rationale for not enforcing its own rules and regulations. Service lines are commonly considered to be lines which are extended from a waterline running along the frontage of property, into a building on that property. In fact, the language of Rule No. 5 refutes the authority's attempt to classify Amoto's waterline as a service line. The rule states that service lines must be as "near as possible at a right angle" to the street. Thus the authority contemplated that service lines were to be lines that are connected to an existing line that runs along a street. In this case, the authority permitted Amoto to install a one-inch line that ran for 1382 feet parallel to, and alongside a road. Under such circumstances, the Amoto waterline cannot be other than an *extension* to an existing piping system. Because it was an "extension" of the waterline, the authority's Rule No. 11 mandated that a six-inch line be installed.

Accordingly, the authority's failure to require Amoto to install a six-inch line constituted an unreasonable exercise of judgment, made so by its violation of the authority's own rules. The authority's offer to continue to engage in an unreasonable reading of their own regulations, by allowing Mollica to install a one-inch extension line, does not relieve the authority from responsibility for failure to require Amoto to install a six-inch extension. Mollica, like every other customer, is entitled to the benefit of an extension main with six-inch capacity.

Therefore, we conclude that the authority abused its discretion in failing to reimburse Mollica for the portion of the construction of the waterline attributable to the authority's failure to require Amoto to install a six-inch extension as required by the authority's rules and regulations.

Accordingly, we affirm.

ORDER

Now, July 29, 1988 the order of the Court of Common Pleas of Allegheny County, at No. G.D. 84-9168, dated June 25, 1987, is affirmed.