**Breitlauch v. Ross Township Supervisors**

*Linda Breitlauch,* for plaintiffs.
*John B. Dunn,* for defendants.

MILLER, *J.,* June 30, 1992—This matter comes before us on preliminary objections filed to plaintiffs' complaint seeking recovery of a judgment against the defendants for the value of services rendered as township auditors during 1989. The complaint further seeks imposition of the costs of suit, interest and reasonable attorney's fees.

Plaintiffs were duly-elected township auditors for Ross Township, Monroe County and served as such in 1989. In furtherance of their charged duties, plaintiffs conducted the annual audit for the year 1988 and, according to plaintiffs, timely filed all necessary reports. Upon completion of the audit, plaintiffs submitted requests for payment to the township in the amount of $546 for plaintiff Linda Breitlauch and $474 for plaintiff Rita Breitlauch, for a total of $1,020. According to the complaint, the defendants have refused to pay plaintiffs for their auditing services performed and, as a result of this refusal, defendants have been unjustly enriched at plaintiffs' expense.

The defendants have filed preliminary objections in the nature of a demurrer to plaintiff's complaint. Specifically, defendants have requested that this court dismiss plaintiffs' complaint for failure to state a claim upon which relief can be granted in that plaintiffs have brought action against the township supervisors individually rather than against the entity potentially legally responsible for the payment demanded, that being the political subdivision of Ross Township. In addition, defendants assert that plaintiffs' complaint fails to state a legal basis upon which

attorney's fees can be properly imposed and request that, in the event the demurrer to the entire complaint is not sustained, that we dismiss plaintiffs' request for attorney's fees set forth in the ad damnum clause.

Both parties have filed briefs. Oral arguments were held before this court on June 1, 1992. We are now ready to proceed with the disposition of the issues raised by defendants' preliminary objections.

## DEMURRER TO ENTIRE COMPLAINT

Defendants have demurred to plaintiffs' complaint on the grounds that the claim set forth therein does not entitle them to the legal relief requested. According to the defendants, plaintiffs are seeking recovery on a contract claim against the defendants as individuals under circumstances in which the political subdivision, Ross Township, is the only party upon which liability for the disputed amount may be properly imposed. Defendants request that we sustain their demurrer and dismiss plaintiffs' complaint.

Initially, we note that a demurrer tests the legal sufficiency of the objected-to pleading. *County of Allegheny v. Commonwealth,* 507 Pa. 360, 490 A.2d 402 (1986). The standard to be used by the court in ruling on a demurrer is whether the pleading under examination indicates on its face that the claim being made cannot be legally sustained. *Id.* The court must determine, before it can sustain the demurrer, that, upon the facts averred, it is certain that the law will not permit the recovery being sought. *Kyle v. McNamara and Criste,* 506 Pa. 631, 487 A.2d 814 (1985). Further, in ruling upon preliminary objections in the nature of a demurrer, the court must

accept as true all well-pled, relevant and material facts as well as all inferences fairly deducible from those facts. *County of Allegheny v. Commonwealth, supra; Firing v. Kephart,* 466 Pa. 560, 353 A.2d 833 (1976).

In ruling upon a demurrer, however, a court may not consider factual matters not disclosed by the record; its decision must be based solely upon matters which arise from the objected-to pleading itself. *Binswanger v. Levy,* 311 Pa. Super. 41, 457 A.2d 103 (1983). More specifically, a court may not properly consider facts averred by a party in a brief filed with respect to a demurrer which are not also of record. *Brennan v. Smith,* 6 Pa. Commw. 342, 299 A.2d 683 (1972).

In the instant matter, plaintiffs identify the defendants as "Ronald Shoemaker, Robert Bonser and Howard Beers Jr., as duly-elected supervisors of Ross Township" in an apparent attempt to hold these men individually liable.

It is well established that municipal officers have only those powers which are conferred upon them, either expressly or implicitly, by constitution or statute. *Salopek v. Alberts,* 417 Pa. 592, 209 A.2d 295 (1965). Where actions in furtherance of those powers are challenged, the law imposes a heavy burden upon the challenger to show the illegality of the municipal officer's actions. *Baxter v. Philadelphia,* 426 Pa. 240, 231 A.2d 151 (1967).

Moreover, a municipal officer acts under a presumption that he or she conducts official business in a manner which furthers the public good and welfare. *Robinson v. Philadelphia,* 400 Pa. 80, 161 A.2d 1 (1960); *Keystone Sanitation Co. Inc. v. Union Township,* 104 Pa. Commw. 521, 522 A.2d 691 (1987). As a general rule, where acts are performed on behalf of the municipality and are within the scope of proper authority, a municipal employee

will not be held individually liable on claims brought for alleged damages. *Montgomery v. Levy,* 406 Pa. 547, 177 A.2d 448 (1962).

We, therefore, conclude that plaintiffs have improperly brought legal action against the defendants as individuals. However, we will extend to plaintiffs the opportunity to amend their pleading to reflect that liability is sought to be imposed upon the defendants acting in their official capacity as township supervisors and/or upon the township itself.

Although not specifically briefed by the defendants, we find that there is an additional issue which must be addressed in ruling on the instant demurrer; hopefully, by addressing this issue now, we will expedite a final resolution of this matter.

As a general rule, courts will not interfere with actions taken in furtherance of proper governmental authority absent allegations of fraud, bad faith or facts averring capricious action, abuse of power or flagrant abuse of discretion. *Robinson v. Philadelphia, supra; E-Z Parks Inc. v. Philadelphia Parking Authority,* 100 Pa. Commw. 303, 514 A.2d 318 (1986), *allocatur denied,* 528 A.2d 605. An abuse of discretion is defined as action taken which clearly overrides the law or manifests an unreasonable exercise of judgment or evidences partiality, ill will or bias in reaching a conclusion. *Hyam v. Upper Montgomery Joint Authority,* 399 Pa. 446, 160 A.2d 539 (1960). Absent such allegations, a defendant's preliminary objections will be sustained and the complaint may be dismissed. *Id.*

We conclude that the defendants' demurrer must be sustained as to the grounds specifically set forth therein. Plaintiffs are granted leave to amend their pleadings consistent with this opinion and the attached order.

## DEMURRER—CLAIM FOR ATTORNEY'S FEES

Defendants have also demurred to plaintiffs' demand for payment of attorney's fees. According to defendants' argument, plaintiffs have failed to plead facts bringing their claim within the provisions of 42 Pa.C.S. §2503 authorizing the payment of attorney's fees where the opposing party has engaged in arbitrary, vexatious or bad faith conduct. We agree.

Moreover, we find plaintiffs' pleading devoid of those averments necessary to support the recovery of attorney's fees under 53 P.S. §65550. We find nothing in the record as pled by plaintiffs showing plaintiffs' reasonable efforts to reach an agreement with the defendants regarding the instant dispute, nor do we find specific official notice of their intention to employ an attorney.

Consequently, we sustain the defendants' preliminary objections and dismiss plaintiffs' claim for attorney's fees.

### ORDER

And now, June 30, 1992, the preliminary objections filed by the defendants are sustained. Plaintiffs are given 20 days to file an amended complaint consistent with this opinion.