[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON SECOND MOTION TO REARGUE
Claiming that its ability to defend has been prejudiced by prior rulings, the defendant T.R. Paul, Inc., has filed a second motion to reargue its motion for summary judgment. The motion is denied, for the following reasons. CT Page 5529
First, T.R. Paul has again asserted that I suggested that the plaintiff may proceed to trial on the basis of a contract that has not been pleaded. I disclaimed that position in the ruling on the first motion to reargue, and reaffirm the disclaimer here. Clearly, the plaintiff may present evidence only within the framework of the pleadings, as may be deemed appropriate by the judicial authority, and any dicta conceivably to the contrary will be disregarded.
Second, T.R. Paul again raises concerns about legal consistency. Because the plaintiff has alleged an agency relationship between T.R. Paul and New England Life, and because summary judgment has been granted in favor of New England Life, then, the defendant maintains, there can be no liability on the part of the agent. It may be that there is some inconsistency in the pleading: if the agent is found to have been acting within the scope of authority of a fully disclosed principal, then the agent is ordinarily not liable for a breach of contract. It may well be that as a general proposition only the agent or the principal may be liable, and not both, as the plaintiff has alleged in this instance. Inconsistency in pleading is not necessarily fatal, however; see, e.g.,Hanover Insurance Co. v. Fireman's Fund Insurance Co., 217 Conn. 340,346 (1991); and pleadings are to be construed liberally to avoid forfeitures. See, e.g., § 1-8 of the Practice Book. Summary judgment was granted in favor of New England Life on the ground that it had clearly not authorized statements alleged to have been made by Millman. It remains my belief that sufficient issues of fact remain as to T.R. Paul such that summary judgment ought not issue in its favor as to the first count.
T.R. Paul has suggested that cases such as Montgomery v. Levy, 406 Pa. 547
(1962), compel the entry of summary judgment in its favor. It may be that the trier may find in favor of T.R. Paul, and that propositions of law such as those in Montgomery may be persuasive to the trier. My only holding at this point is that all genuine issues of fact are not foreclosed by the materials submitted, and that a liberal interpretation of the pleadings should be employed.
The motion to reargue is denied.
Beach, J.